IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE BELL, individually, and<br>SECOND BELL TRUST, Jimmie Bell Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>SELENE FINANCE, LP,<br><br>Defendant. | Case No. 6:23-cv-03042-MDH |

## ORDER

Before the Court are the following motions: Defendant Selene Finance, LP ("Selene")'s Motion for Summary Judgment on all Counts of the First Amended Complaint (Doc. 66); Plaintiffs' Motion for Partial Summary Judgment on Counts II through X (Trespass) (Doc. 71); and Plaintiffs' Motion for Summary Judgment on Count I (RESPA). (Doc. 80). Having reviewed the record before the Court, Defendant's motion for summary judgment and Plaintiffs' motion for summary judgment are both denied for the reasons set forth herein.

## STATEMENT OF FACTS

On December 30, 2003, Bell executed a Note in favor of Lehman Brothers Bank, FSB, a Federal Savings Bank in the amount of $53,200.00 with interest at the rate of 5.750 percent per annum. On December 30, 2003, Bell, a single person, executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Lehman Brothers Bank, FSB, its successors and assigns (hereinafter the "Deed of Trust") whereby the property located at 231 W. McGee, Springfield, Missouri was pledged as collateral to secure repayment of the Note. The Deed of Trust was recorded on January 5, 2004, in Book 2004 at Page 000565-04 of the Office of the Recorder of Deeds for Greene County.

On December 31, 2003, Bell, as Trustee of the Trust, dated January 1, 1997, executed a Trustee's Warranty Deed in favor of Bell whereby the Property was conveyed from the Trust to Bell. The Warranty Deed was recorded on January 5, 2004, in Book 2004 at Page 000555-04 of the Office of the Recorder of Deeds for Greene County.

On December 31, 2003, Bell executed a General Warranty Deed in favor of the Trust, dated January 1, 1997, whereby the Property was conveyed from Bell to the Trust. The General Warranty Deed was recorded on January 5, 2004, in Book 2004 at Page 000567-04 of the Office of the Recorder of Deeds for Greene County.

Selene is the current servicer of the Loan. Defendant contends Bell is in default under the terms of the Note by failing to make monthly payments for the months of April 2021 to the present and by transferring the Property to another party without the permission of the holder of the Note and Deed of Trust. Plaintiffs dispute this and state Bell has paid the monthly Note payment of $310.47 each month since February of 2004. Selene sent Bell a Notice of Default and Intent to Accelerate on June 29, 2021. Defendant contends Bell did not cure the default within the time set forth in the Notice. Plaintiff also disputes this.

On September 23, 2022, Selene sent to Robert M. Sweere, as counsel for Plaintiff, correspondence in response to Sweere's correspondence received by Selene on August 11, 2022. Plaintiffs contend Selene did not send its letter dated September 23, 2022 to Sweere until May of 2023. The parties dispute the timing of the correspondence, compliance with legal requirements for the same, and whether Bell was in default and failed to cure the default. Plaintiffs dispute the validity, foundation, and accuracy of the correspondence submitted by Defendant in the summary judgment briefing.

Plaintiffs further allege that on or about September 25, 2021, Defendant's agent entered Plaintiffs' property at 231 W. McGee Street, without consent or permission, changed the locks, installed a lockbox, and otherwise treated the property as if it was its own. Defendant subsequently entered the property on additional occasions. Plaintiffs allege Defendant did not have consent to do this. Defendant takes the position that it had the express consent and permission to enter the property pursuant to the McGee Mortgage Loan documents. Defendant further states it had an inspector enter the property because the property was in default and had been abandoned.

The record reflects on or about August 29, 2022 Defendant Selene's principal (the Note holder) commenced a judicial foreclosure proceeding regarding the McGee mortgage loan. The proceeding is styled *MCLP Asset Company, Inc. v. Jimmie Bell, Second Bell Trust*, *dated 01 January 1997 and John Doe*, Greene County, Mo. Case No. 2231–CC00903. Plaintiffs additionally contend Defendant did not have any right to enter the property in September 2021, prior to the judicial foreclosure being filed.

The McGee property is a single family residential rental dwelling and Plaintiffs state it is sometimes unoccupied by a tenant. However, Plaintiffs allege they have never "abandoned" the property. Further, Plaintiffs state they have never given Selene permission or consent to enter the property. Finally, Plaintiffs contend they were never notified by Selene that it intended to inspect the interior of the property, nor gave Plaintiffs any reason or cause to inspect the interior of the property.

Defendant's position is that the property was vacant, was missing the AC unit and furnace, as well as kitchen appliances. Defendant contends there was a broken window, the yard wasn't maintained and other general damage to the property. Generally, Defendant states the property was

3

Case 6:23-cv-03042-MDH    Document 101    Filed 01/14/25    Page 3 of 8

not being maintained and was uninhabitable. Defendant argues numerous reasons it had authority to enter the property, including that it was abandoned.

## STANDARD OF REVIEW

Summary judgment is proper if, viewing the record in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp., v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party is entitled to summary judgment as a matter of law if they can establish there is "no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). Once the moving party has established a properly supported motion for summary judgment, the non-moving party cannot rest on allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Id.* at 248.

A question of material fact is not required to be resolved conclusively in favor of the party asserting its existence. Rather, all that is required is sufficient evidence supporting the factual dispute that would require a jury to resolve the differing versions of truth at trial. *Id.* at 248-249.

## DISCUSSION

**Count I - Violation of RESPA**

Defendant moves for summary on Count I arguing that the Trust is not a proper plaintiff. Specifically, Defendant argues under the Real Estate Settlement Procedures Act the Trust cannot be a plaintiff as it is not a "borrower." Defendant also argues it is entitled to summary judgment on Count I as it fully complied with all requirements of the Real Estate Settlement Procedures Action, 12 U.S.C.A. §2601 *et seq* and that plaintiff Bell has suffered no cognizable damages under RESPA. Plaintiffs have also moved for summary judgment on Count I contending Defendant

4

violated its obligations under RESPA. For the reasons set forth herein, genuine issues of material fact exists regarding Count I.

Plaintiffs seek to impose liability against Defendant in Count I under 12 U.S.C.A. §2605. Subsection(f) creates a claim for violations of Section 2605, and states that "[w]however fails to comply with any provision of this section shall be liable to the borrower for such failure…".

First, Defendant contends the Second Bell Trust was not a party to the loan, and therefore lacks standing under RESPA. Citing, *Owens v. Deutsche Bank Nat'l Tr. Co.*, 2021 WL 927765, at *6 (E.D. Mo. Mar. 11, 2021), reconsideration denied, 2021 WL 1889860 (E.D. Mo. May 11, 2021) ("Plaintiff was not a party to the loan, and therefore lacks standing under RESPA."). Defendant states the Trust is not a borrower in the transaction at issue and the sole borrower is plaintiff Bell. As a result, Defendant argues the Trust lacks standing to pursue the claim pled in Count I and summary judgment should be entered in favor of Selene and against the Trust. In response, Plaintiffs appear to argue that Section 18 does not apply to transfers by the borrower to a grantor trust for estate planning purposes and that is what occurred here. The Court is not entirely clear on Plaintiffs' argument. However, it is clear Bell, either individually or as trustee, was paying the note and sent the letters pursuant to RESPA.

A review of the record before it does not provide any additional argument on this issue. The Court finds whether or not the Trust, as opposed to Bell individually and/or as trustee, has a claim under Count I can be further resolved at trial based upon the evidence and argument presented. There are clearly factual disputes regarding the documentation, the alleged default, Plaintiffs' actions to cure any alleged default, Defendant's response to Plaintiffs' alleged correspondence, and other issues that present material questions of fact. As a result, the Court hereby **DENIES** Defendant's motion for summary judgment. As a practical matter, whether Bell

individually, the Second Bell Trust, and/or Bell as trustee of the trust are the proper plaintiff(s) for Count I (or any of the counts) can be determined by the Court during the trial and the presentation of evidence. It is clear from the complaint that Plaintiff Jimmie Bell has pled his claims individually, and in in his capacity as Trustee of the Second Bell Trust. The claims will only be submitted to the jury after it is determined which Plaintiff is the proper party for each of the claims. However, Plaintiffs have pled Bell has a claim in either his individual capacity and/or as trustee of the Trust.

Plaintiffs also move for summary judgment against Defendant on this claim. To establish a claim for failure to properly respond to an inquiry pursuant to Section 2605(e)(2) of RESPA Plaintiff must prove: (1) that he sent correspondence meeting the requirements of a qualified written request for information ("QWR") to Selene; (2) that Selene is a loan servicer under RESPA; (3) that Selene failed to respond to the QWR in a timely manner; and (4) that Selene's alleged failure to respond to the QWR caused actual damages. See 12 U.S.C. §§ 2605(e), 2605(f)(1)(A).

As previously stated, the parties clearly dispute the underlying facts regarding each of these elements. For example, the parties disagree on whether a QWR was sent, whether Selene received a QWR, whether Plaintiffs' correspondence meets the requirements of a QWR, whether Selene responded in a timely manner, and whether any alleged failure to respond to the QWR caused Plaintiffs actual damages. For the reasons stated herein there are numerous factual disputes that preclude summary judgment. Plaintiffs' motion for summary judgment on this issue is also **DENIED**.

**Counts II through X and Count XII – Trespass**

Plaintiffs claims set forth in Counts II through X and Count XII are claims for trespass.[1] In Missouri, "trespass is described as a direct physical interference with the person or property of another." *Maryland Heights Leasing, Inc. v. Mallinckrodt, Inc.*, 706 S.W.2d 218, 224 (Mo. App. 1985) (citing *Looney v. Hindman*, 649 S.W.2d 207, 212 (Mo. banc 1983)). The central issue of a trespass action is violation of possession. *International Broth. of Elec. Workers v. Monsees*, 335 S.W.3d 105, 108 (Mo. App. 2011). Accordingly, "[t]o support an action for trespass, the party making the claim must have the legal right to possession." *Hostler v. Green Park Development Co.*, 986 S.W.2d 500, 506 (Mo. App. 1999).

First, Defendant argues in this instance Bell has no interest in the property so he cannot support a claim for trespass. Defendant moves for summary judgment arguing Bell has no standing. However, Defendant contends Bell, as the trustee of the Second Bell Trust, may have standing to bring a claim for trespass. Defendant states "Bell as an individual has any right to possession of the Property." The Court believes there may be a typo in Defendant's argument, however, regardless Plaintiffs' Complaint identifies Bell, the Second Bell Trust, and Jimmie Bell Trustee as parties in the pleading. The specific issue of standing on this claim will be better defined at trial and before claims are submitted to the jury as set forth herein. Defendant will not be allowed to claim Bell was in default and then also claim he has no standing to bring a claim. This issue will be further addressed at the pretrial hearing.

Factual disputes also prohibit summary judgment on Plaintiffs' arguments. For example, Defendant argues it had a right to possession of the property because Plaintiffs were in default, the property had been abandoned, and the documents gave them permission to enter and inspect the

---

[1] Count XI appears to be a claim under RESPA.

property. As set forth herein, Plaintiffs dispute Defendant had authority to enter the property and genuine issues of material fact exist regarding whether Selene had a right to enter and take possession of the property. Both parties' summary judgment motions on the claims of trespass are **DENIED**.

## DECISION

For the reasons set forth herein, there are genuine issues of material fact that preclude summary judgment. Defendant's motion for partial summary judgment is **DENIED.** Plaintiffs' motions for summary judgment are also **DENIED**. The parties are further Ordered to submit dates they are available for trial to the Court's courtroom deputy. The parties shall provide their available dates within 10 days of the date of this Order.

The Court will schedule the trial, and pretrial hearings, in a subsequent order. The parties shall be prepared to argue and present evidence on the standing issue during the pretrial hearing.

**IT IS SO ORDERED.**

Date: January 14, 2025                              _/s/ Douglas Harpool_
                                                    DOUGLAS HARPOOL
                                                    UNITED STATES DISTRICT JUDGE