IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE BELL, individually, and SECOND BELL TRUST, Jimmie Bell trustee,<br><br>    Plaintiffs,<br><br>vs.<br><br>SELENE FINANCE, LP,<br><br>    Defendant. | Case No. 6:23-cv-03042-MDH |

## ORDER

Before the Court is Plaintiffs' Verified Motion to Substitute Party. (Doc. 108). Plaintiffs filed suggestions in support, Defendant filed suggestions in opposition (Doc. 113) and Plaintiffs has filed a reply. (Doc. 116). Additionally, pursuant to this Court's August 14, 2025, Order, the parties were allowed to file supplemental briefings on the issue of Plaintiffs' Verified Motion to Substitute Party. (Doc. 118) Both Plaintiffs and Defendant filed supplemental briefing. (Docs. 119 and 120). The motion is now ripe for adjudication on the merits. For the reasons set forth herein, Plaintiffs' Verified Motion to Substitute Party is **DENIED**.

## BACKGROUND

This case arises from alleged errors in the crediting of payments of Plaintiff Jimmie Bell's mortgage loan and the subsequent collection efforts therefrom. Plaintiff Jimmie Bell was the Trustee of the Second Bell Trust and executed a Note and Deed of Trust secured by 231 W. McGee St. Springfield, Missouri (the "Property"). Plaintiff Second Bell Trust is the owner of the Property. Defendant Selene Finance, LP is the servicer of the mortgage loan on the Property.

1

On June 5, 2025, Plaintiffs' attorney filed with the Court a suggestion of death, informing the Court that Plaintiff Jimmie Bell passed away on February 16, 2025. (Doc. 107). On July 14, 2025, Plaintiffs' attorney filed with the Court the current motion asking to substitute Mark Bell, individually and in his capacity as Trustee of the Second Bell Trust, as a Plaintiff in this matter in place of Jimmie Bell. Plaintiffs' attorney argues that Mark Bell is the only son, only child and only heir at law of Jimmie Bell. Plaintiffs' attorney further argues that Mark Bell is additionally the Trustee of the Second Bell Trust upon the death of his father Jimmie Bell.

Defendant opposes the motion arguing that the Plaintiffs' attorney has conceded that Mark Bell has not been appointed the personal representative for his father's estate and thus does not have the capacity to pursue any claim for the late Mr. Bell individually. Defendant further argues that Plaintiffs have not provided the trust document to Second Bell Trust and thus Plaintiffs' Motion to Substitute Mark Bell as Trustee of Second Bell Trust should be denied. The Court will evaluate the claim below.

## STANDARD

Federal Rule of Civil Procedure 25 governs the substitution of parties. It states in relevant part:

> (1) *Substitution if the Claim Is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(1).

## ANALYSIS

I. **Real Estate Settlement Procedures Act ("RESPA") Claim**

Plaintiffs argue that under Missouri law, when a person dies, their personal property passes to persons to whom it is devised by in their will or in the absence of such will, to the persons who succeed to his estate as their heirs. Plaintiffs argue that personal property include interests in choses in action and as no estate has been opened to administer Plaintiff's Jimmie Bell's personal property, including Plaintiff Jimmie Bell's choses in action, Mark Bell is the proper party to be substituted as a party plaintiff to pursue Jimmie Bell's RESPA claim. Defendant argues that Federal Rule of Civil Procedure 17(b) expressly states that the capacity of a party is determined by the law of the state where the court is located. Defendant argues that Missouri law controls the question of Movant's capacity to use and that under Missouri law, Mark Bell needs to be appointed as a personal representative of the estate in order to hold capacity to act as plaintiff in this matter.[1]

Federal Rule of Civil Procedure 17(b) governs those who have the capacity to sue or be sued. Rule 17(b) states that for any entity not an individual, corporation, partnership, unincorporated association, or receiver, capacity of a party "is determined by the law of the state where the court is located." Fed. R. Civ. P. 17(b). As such, Missouri law therefore governs the ability of Mark Bell as an heir to be named as the successor party to the late Plaintiff Jimmie Bell. Under Missouri law, parties seeking relief "bear the burden of establishing that they have standing." *White v. Emmanuel Baptist Church*, 519 S.W.3d 917, 923 (Mo. Ct. App. 2017) (citing *Manzara v. State*, 343 S.W.3d 656, 659 (Mo. banc 2011)). Generally, under Mo. Rev. Stat. § 473.270 "[e]xecutors and administers shall collect all money and debts of every kind due to the decedent, … and shall commence and prosecute all actions which may be maintained and are necessary in the course of his administration." Mo. Rev. Stat. § 473.270.

---

[1] Both parties are in agreement that Count I – RESPA and Counts II-X regarding Trespass survive Plaintiff Jimmie Bell's passing. As such, the Court need not go into analysis regarding that issue.

Under Missouri law "personal property" is includes "interests in goods, money, choses in action, evidences of debt, shares of corporate stock, and chattels real[.]" Mo. Rev. Stat. § 472.010.25. "Choses in action" include the right to bring an action to recover money or debt and include "claims for damages arising in tort." *Sauvain v. Acceptance Indem. Ins. Co.*, 500 S.W.3d 893, 900 (Mo. Ct. App. 2016).

> When a person dies, his real and personal property, except exempt property, passes to the persons to whom it is devised by his last will, or, in the absence of such disposition, to the persons who succeed to his estate as his heirs; but it is subject to the possession of the executor or administrator and to the election of the surviving spouse and is chargeable with the expenses of administering the estate, the payment of other claims and allowances to the family, except as otherwise provided by law.

Mo. Rev. Stat. § 473.260. Absent an estate administration, a person may bring a claim as a "judicially determined heir to recover a debt formerly owed to the decedent." *White v. Emmanuel Baptist Church*, 519 S.W.3d 917, 923 (Mo. Ct. App. 2017) (citing *Heidbreder v. Tambke*, 284 S.W.3d 740, 745 (Mo. App. W.D. 2009)). Pursuant to Mo. Rev. Stat. § 473.663:

> an action for determination of the heirs of a decedent who has died leaving property, and the extent of their interest therein, may be brought by any person having an interest in the property if no administration was commenced on the decedent's estate within a year of death and if no will was presented for probate within that period.

*Heidbreder*, 284 S.W.3d at 743. Thus "any heirs asserting inheritance of property from the decedent may apply at any time after that first year for the formal recognition of ownership of the property pursuant to 473.663." *Id*. This includes petitioning for the formal recognition of "ownership of a 'chose in action' (a litigation claim) formerly belonging to the deceased." *Id*. at 745.

Here, Mark Bell has neither been appointed as personal representative of Jimmie Bell's estate nor has the one-year mark passed where Mr. Bell may petition for the formal recognition of ownership of a 'chose in action' formerly belonging to the deceased. As such, the Court finds that

until one of those two avenues have been granted, the Court cannot substitute Mark Bell as a proper party in this case to take over the chose in action of Jimmie Bell as to the RESPA claim. For the reasons stated, Plaintiffs' Verified Motion to Substitute Party with regards to the RESPA claim is **DENIED**.

**II.  Trespass Claims**

Plaintiffs next argue that Mark Bell is the Trustee of the Second Bell Trust upon the death of his father. Plaintiffs argue that Mark Bell is the proper party to be substituted as a party plaintiff to enforce the trust's trespass claims. Defendant argues that Mark Bell has not provided the Court or counsel for Defendant a copy of the Second Bell Trust. Defendant argues that the Court should deny Plaintiffs' Motion to Substitute Mark Bell as the trustee of the Second Bell Trust until the actual trust instrument should be provided to the Court and Defendant.

Mo. Rev. Stat. § 456.8-801 governs the duty to administer a trust under Missouri law. "Upon acceptance of a trusteeship, the trustee shall administer the trust in good faith, *in accordance with its terms and purposes and the interests of the beneficiaries*, and in accordance with sections 456.1-101 to 456.11-1106. Mo. Rev. Stat. § 456.8-801 (emphasis added). Mo. Rev. Stat. § 456.7-704 governs the process for when there is a vacancy in trusteeship and the appointment of successor. It states in relevant part:

> A vacancy in a trusteeship occurs if: … a trustee dies[.] If one or more cotrustees remain in office, a vacancy in a trusteeship need not be filled. A vacancy in a trusteeship must be filled if the trust has no remaining trustee. A vacancy in a trusteeship required to be filled must be filled in the following order of priority:
>
> (1) by a person designated in or pursuant to the terms of the trust to act as successor trustee;
>
> (2) by a person appointed by a majority in number of the qualified beneficiaries; or

5

Case 6:23-cv-03042-MDH    Document 123    Filed 10/07/25    Page 5 of 7

> (3) by a person appointed by the court.
>
> Whether or not a vacancy in a trusteeship exists or is required to be filled, the court may appoint an additional trustee or special fiduciary whenever the court considers the appointment necessary for the administration of the trust.

Mo. Rev. Stat. § 456.7-704.

Mo. Rev. Stat. § 456.10-1013 defines what may be submitted to a person other than a beneficiary establishing the certification of a trust. It states:

> Instead of furnishing a copy of the trust instrument to a person other than a beneficiary, the trustee may furnish to the person a certification of trust containing the following information:
>
>> (1) that the trust exists and the date the trust instrument was executed;
>>
>> (2) the identity of the settlor;
>>
>> (3) the identity and address of the currently acting trustee;
>>
>> (4) the powers of the trustee;
>>
>> (5) the revocability or irrevocability of the trust and the identity of any person holding a power to revoke the trust;
>>
>> (6) the authority of cotrustees to sign or otherwise authenticate and whether all or less than all are required in order to exercise powers of the trustee;
>>
>> (7) the trust's taxpayer identification number; and
>>
>> (8) the manner of taking title to trust property.

Mo. Rev. Stat. § 456.10-1013.

Here, Plaintiffs have not produced the trust document that governs the Second Bell Trust nor a Certification of Trust. Plaintiff instead has filed a transcript of the Greene County Circuit Court case *Bell v. Nationstar Mortgage, LLC*, No. 2331-CC00393 which shows that Judge Christensen reviewed the trust document in camera and found that "it does appear that Mark Bell is designated as an alternate trustee". (Doc. 116-1). Plaintiffs have also submitted a docket entry by Judge Christensen in another lawsuit involving the Second Bell Trust and Nationstar that re-styled the lawsuit "such that Plaintiff is named 'Mark Bell as Trustee of the Second Bell Trust

6

dated 1/1/1997.'"² (Doc. 116-2). Lastly, Plaintiffs have filed a docket entry made by Judge Palmietto on August 5, 2025, in *Second Bell Trust, Jimmie Bell Trustee v. Mortgage Contracting Services*, No. 2331-AC03725-01 substitution Mark Bell as Trustee for the deceased Jimmie Bell Trustee. (Doc. 116-3). The Court finds for the purpose of this motion these filings are not adequate to grant Plaintiffs' Motion to substitute Mark Bell as a Trustee to the Second Bell Trust in this case. For the reasons stated, Plaintiffs' Motion to Substitute Mark Bell as the Trustee for the Second Bell Trust is **DENIED WITHOUT PREJUDICE**. Plaintiffs may file with the Court the trust document or a Certification of Trust pursuant to Mo. Rev. Stat. § 456.10-1023 within 14 days of this Order and, should it confirm Mark Bell is the currently acting trustee, the Court will substitute Mark Bell as trustee for Second Bell Trust to pursue the trespass claims on its behalf.

## CONCLUSION

For the reasons stated, Plaintiffs' Verified Motion to Substitute Party as to the RESPA claim is **DENIED**. Plaintiffs' Verified Motion to Substitute Party as to the Trespass claims are **DENIED WITHOUT PREJUDICE**. Plaintiffs may file with the Court the trust document or a Certificate of Trust pursuant to Mo. Rev. Stat. § 456.10-1023 within 14 days of this Order and, should it confirm Mark Bell is the currently acting trustee, the Court will substitute Mark Bell as trustee for Second Bell Trust to pursue the trespass claims on Second Bell Trust's behalf.

**IT IS SO ORDERED.**

DATED: October 7, 2025

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**

---

² The second lawsuit Plaintiffs refers to Mark Bell as Trustee of the Second Bell Trust Dated 1/1/1997 v. Nationstar Mortgage, LLC, No. 2531-CC00551.