**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JIMMIE BELL, individually, and SECOND BELL TRUST, by and through Trustee Mark Bell,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 6:23-cv-03042-MDH** |
| **SELENE FINANCE, LP,** | ) ) | |
| **Defendants.** | ) ) | |

## ORDER

Before the Court is Defendant Selene Finance, LP's Motion to Dismiss Count I of Plaintiff's First Amended Complaint. (Doc. 126). The Defendant filed Suggestions in Support (Doc. 127) and Plaintiff filed Suggestions in Opposition. (Doc. 130). The Defendant has failed to file a reply and the time to do so has elapsed. The motion is now ripe for adjudication on the merits. For reasons herein, Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint is **GRANTED**.

## BACKGROUND

This case arises from alleged errors in the crediting of payments of Plaintiff Jimmie Bell's mortgage loan and the subsequent collection efforts therefrom. Plaintiff Jimmie Bell was the Trustee of the Second Bell Trust and executed a Note and Deed of Trust secured by 231 W. McGee St. Springfield, Missouri (the "Property"). Plaintiff Second Bell Trust is the owner of the Property. Defendant Selene Finance, LP is the servicer of the mortgage loan on the Property.

Plaintiff Jimmie Bell's First Amended Complaint alleged twelve counts: Count I - Violation of the Residential Settlement Procedures Act ("RESPA"); Counts II through X -

1

Trespass and two counts that were ultimately dismissed by stipulation between the parties. (Doc. 37). On June 5, 2025, Plaintiffs' attorney filed with the Court a Suggestion of Death, informing the Court that Plaintiff Jimmie Bell passed away on February 16, 2025. (Doc. 107). On July 14, 2025, Plaintiffs' attorney filed with the Court a verified Motion to Substitute Plaintiff and Supporting Suggestions seeking to substitute Mark Bell, individually and in his capacity as Trustee of the Second Bell Trust, in place of Jimmie Bell. (Doc. 108). On October 7, 2025 this Court denied Plaintiff's Verified Motion to Substitute Plaintiff ruling that Mark Bell has neither been appointed as personal representative of Jimmie Bell's estate nor has the one-year mark passed where Mark Bell may petition for the formal recognition of ownership of a "chose in action" formerly belonging to Plaintiff Jimmie Bell. Thus the Court could not substitute Mark Bell as a proper party in this case as to the Count I - RESPA claim. (Doc. 123).[1] The Defendant files its current motion seeking to dismiss Count I - RESPA pursuant to Federal Rule of Civil Procedure 25. The Court will evaluate the merits of the motion below.

**STANDARD OF REVIEW**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts

---

[1] The Court ultimately allowed Mark Bell to proceed as Trustee for the Second Bell Trust with regard to Counts II - X for Trespass. (Doc. 125).

2

to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**ANALYSIS**

The Defendant argues that Count I of Plaintiff's First Amended Complaint alleges a violation of RESPA. The Defendant states that Mr. Bell passed away on February 16, 2024, with counsel for Defendant filing the Suggestion of Death on June 5, 2025. (Doc. 107). The Defendant asserts that as of the filing of its Motion and Suggestions in Support no person has been substituted as a party for the late Mr. Bell individually. The Defendant argues that pursuant to Federal Rule of Civil Procedure 25 a motion for substitution must be made within 90 days after service of a statement noting the death, otherwise the action by the decedent must be dismissed. The Defendant states that the Suggestion of Death was filed on June 5, 2025, and no substitution has been made. Thus Count I should be dismissed. Plaintiff's counsel largely agrees that Federal Rule of Civil Procedure 25 requires dismissal but asks this Court to dismiss Count I without prejudice.

Federal Rule of Civil Procedure 25(a)(1) governs the substitution of parties in the case of death where the claim is not extinguished and states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25 is a procedural rule. "It does not provide for the survival of rights or liabilities but merely provides the method by which the original action may proceed *if* the right of action survives." *In*

3

*re Baycol Prod. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010) (emphasis added) (quotation and citation omitted). The Court must look to filings in the case and relevant case law to determine if the claims in this suit survive the original Plaintiff's death, and whether the proposed successor is the proper party for substitution. *Sweeney v. Best Foot Forward Corp. Podiatric Specialists*, No. 4:22-CV-1265 RLW, 2024 WL 1885587, at *2 (E.D. Mo. Apr. 30, 2024). As articulated in the Court's October 7, 2025 Order, Mark Bell is not the proper party at this time to proceed with the Count I - RESPA claim. (Doc. 123). Further, the parties do not dispute that Federal Rule of Civil Procedure 25(a)(1) warrants dismissal of Plaintiff's Count I - RESPA claim. As such, Plaintiff's Count I - RESPA claim will be dismissed. For the reasons stated, the Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint is **GRANTED**.

## CONCLUSION

For the reasons set forth herein, the Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint is **GRANTED**. Count I - RESPA is hereby dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: June 9, 2026

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

4